UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 20-cr-082-1 (ECT/ECW) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Richard Lee Satek, Jr., | |
| Defendant. | |

---

Defendant Richard Lee Satek, Jr. has filed *pro se* motions for compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A).  ECF Nos. 66 and 72.  In June 2021, Mr. Satek pleaded guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  ECF No. 38.  He is currently serving a 200-month imprisonment term.  ECF No. 60 at 2.  Mr. Satek is in the custody of the Bureau of Prisons at the Federal Correctional Institution, Gilmer, in Glenville, West Virginia ("FCI-Gilmer"), and his projected release date is April 25, 2034.  *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Apr. 10, 2024).

Mr. Satek requests a reduction of his sentence due to underlying medical conditions and "other extraordinary and compelling reasons."  ECF No. 72 at 4.  According to Mr. Satek, he has been "diagnosed by an independent medical doctor that immediate surgery is required to save [his] life due to numerous blood clots in [his] right leg."  *Id.* at 5.  He also suffers from "diabetes, atrophy of pancreas, congestive heart failure, and dizziness

requiring use of a cane for support." *Id.* Mr. Satek asserts that his health conditions—including the need for surgery—are not being addressed by medical personnel at FCI-Gilmer. *Id.* Mr. Satek seeks release from custody.[1] Mr. Satek has not demonstrated extraordinary and compelling circumstances that would merit compassionate release. Therefore, the motion will be denied.

Mr. Satek has exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1)(A), a court may not consider a defendant's motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Mr. Satek submitted a request for compassionate release to the Warden at FCI-Gilmer on November 15, 2023. ECF No. 72 at 3; *see* ECF No. 72-1 at 2–5.[2] The Warden denied Mr. Satek's request on December 15, 2023. ECF No. 72 at 3; *see* ECF No. 72-1 at 1. Mr. Satek filed a compassionate-release motion on January 5, 2024. ECF No. 66. He filed a new motion on February 23, 2024. ECF No. 72. In other words, it has been more than 30 days since the BOP's receipt of Mr. Satek's request. *See United States v. Gardner*, No. 13-cr-35

---

[1] To the extent Mr. Satek requests that he serve the remainder of his term of imprisonment on home confinement, that request is denied. The authority to determine the placement of prisoners, including placement on home confinement, rests solely with the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2); *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021).

[2] Page citations are to a document's CM/ECF pagination appearing in the upper right corner, not to a document's original pagination.

(PSJ/SER), 2020 WL 1673315, at *1 (D. Minn. Apr. 6, 2020).  The Government asserts that Mr. Satek "claims he requested compassionate release from his warden, and that his request was met with no response," and that Mr. Satek "failed to submit evidence of his request to the warden with his motion."  ECF No. 74 at 1.  This is not correct.  Mr. Satek claims in his motion that the Warden denied his request on December 15, 2023, ECF No. 72 at 3, and Mr. Satek attached both his request to the Warden and the Warden's denial of compassionate release to his motion, see ECF No. 72-1 at 1–5.

A district court generally "may not modify a term of imprisonment once it has been imposed" except in limited circumstances.  18 U.S.C § 3582(c).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is one exception.  Upon the defendant's motion, § 3582(c)(1)(A) allows a court to "reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable."  The court must also find that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  The Commission has identified extraordinary and compelling reasons in the Sentencing Guidelines.  U.S.S.G. § 1B1.13(b). Relevant here, such reasons exist if a defendant is suffering from a terminal illness, "*i.e.*, a serious and advanced illness with an end-of-life prognosis," U.S.S.G. § 1B1.13(b)(1)(A), or if the defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," *id.*

3

§ 1B1.13(b)(1)(B). The defendant bears the burden to demonstrate that he is entitled to a sentence reduction. *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. 2021).

Mr. Satek has not shown an extraordinary and compelling reason to warrant a sentence reduction. Though Mr. Satek asserts a medical professional told him that "immediate surgery is required to save [his] life," ECF No. 72 at 5, the medical records Mr. Satek provided do not support his contention. *See* ECF No. 72-1 at 10 (explaining Dr. Zaur Mirzoyev discussed invasive and noninvasive strategies to treat Mr. Satek's coronary artery disease, that Mr. Satek "prefers to proceed with invasive evaluation"). A thorough review of the medical records Mr. Satek provided shows no other indication that Mr. Satek needs immediate life-saving surgery. As such, Mr. Satek does not appear to have the end-of-life prognosis that § 1B1.13(b)(1)(A) contemplates. Moreover, other avenues exist for Mr. Satek to receive care. *See* 18 U.S.C. § 3622(a)(3) (allowing the Bureau of Prisons to temporarily release a prisoner to "obtain[] medical treatment not otherwise available").

Assuming Mr. Satek's other medical conditions—"diabetes, atrophy of pancreas, congestive heart failure, and dizziness requiring use of a cane for support," ECF No. 72 at 5—are "serious physical or medical condition[s]" such that they fall under § 1B1.13(b)(1)(B), Mr. Satek has not established that the conditions "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility" as contemplated by § 1B1.13(b)(1)(B). Mr. Satek attached to his motion a "Medical Duty Status" information sheet from the Bureau of Prisons indicating FCI-Gilmer is aware of his conditions and working to accommodate them. For example, Mr. Satek was issued a cane on July 31, 2023; a leg compression garment on August 28, 2023, presumably

for his blood clots; and medical shoes on October 10, 2023. ECF No. 72-1 at 20. FCI-Gilmer also restricted certain activities, such as some cardiovascular exercises and outdoor work, indicating Mr. Satek could perform "sedentary work only." *Id.* Though Mr. Satek's conditions seem serious and arouse sympathy, it appears from the documents Mr. Satek submitted that his conditions do not diminish his ability to provide self-care at FCI-Gilmer such that extraordinary and compelling reasons warrant release.

Regardless of the risks created by Mr. Satek's health conditions, the applicable factors in 18 U.S.C. § 3553(a) weigh strongly against granting Mr. Satek's motion. Section 3553(a) directs courts to consider, among other factors,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant[.]

18 U.S.C. § 3553(a).[3] Mr. Satek's offense conduct was serious considering the drug quantity and cash amounts involved. On top of the conviction for which Mr. Satek is now serving his sentence, he has a history of criminal conduct, including multiple felony

---

[3] The factors in § 3553(a)(1) and § 3553(a)(2)(C) present effectively the same consideration as the Sentencing Commission's requirement that a court determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

convictions for possession of methamphetamine. PSR [ECF No. 49] ¶¶ 33–38 (sealed). All of this leads me to conclude that there remains a substantial need to protect the public from Mr. Satek. The status of Mr. Satek's sentence also weighs against granting his motion. Mr. Satek was sentenced in 2021, and he has served only a small percentage of his 200-month sentence. Additionally, Mr. Satek's sentence was well below the applicable Guidelines range of 360 months to life. ECF No. 61 at 1. And Mr. Satek's health concerns were accounted for at sentencing. In imposing Mr. Satek's term of imprisonment, Mr. Satek's age, alcohol or drug dependence, mental and emotional condition, and physical condition were all indicated to be factors justifying a 160-month downward variance. *Id.* at 3. The bottom line is that the § 3553(a) factors justify the denial of Mr. Satek's motion.

## ORDER

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS ORDERED THAT** Defendant Richard Lee Satek, Jr.'s Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF Nos. 66 and 72] are **DENIED without prejudice**.

Dated: April 22, 2024        s/ Eric C. Tostrud
       Eric C. Tostrud
       United States District Court